**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

* * *

Athena V.,[1]

Plaintiff,

v.

Frank Bisignano, Commissioner of Social Security,

Defendant.

Case No. 2:25-cv-01760-BNW

**ORDER**

This case involves review of the Commissioner of Social Security's ("Commissioner") denial of Plaintiff Athena V.'s ("Plaintiff") application for benefits under Title II of the Social Security Act. Plaintiff requests reversal of the Commissioner's decision and remand for further administrative proceedings. ECF No. 12 at 2. The Commissioner opposes and asks this Court to affirm the decision. ECF No. 14 at 6. Plaintiff filed a reply. ECF No. 15. For the reasons discussed below, this Court denies Plaintiff's request and affirms the Commissioner's decision.

## I. BACKGROUND

On September 12, 2022, Plaintiff applied for disability insurance benefits under Title II of the Social Security Act, alleging an onset date of May 1, 2020. AR[2] 226-32. The agency denied the claim initially and on reconsideration. AR 83-88, 109. Plaintiff requested a de novo hearing before an Administrative Law Judge ("ALJ"), and the appointed ALJ conducted a hearing on July 23, 2024. AR 40-61. On August 23, 2024, the ALJ issued a decision finding Plaintiff not disabled. AR 20-39. The Appeals Council declined review, and the ALJ's decision became final on July 21, 2025. AR 106. Plaintiff timely filed this action for judicial review under 42 U.S.C. §§ 405(g) and 1383(c)(3). ECF No. 12.

/ / /

[1] In the interest of privacy, this opinion only uses the first name and last initial of the non-governmental party.

[2] "AR" refers to the Administrative Record in this matter at ECF No. 10.

## II. STANDARD OF REVIEW

Administrative decisions in social security disability benefits cases are reviewed under 42 U.S.C. § 405(g). *Akopyan v. Barnhart*, 296 F.3d 852, 854 (9th Cir. 2002). This provision states:

> Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such a decision by civil action … brought in the district court of the United States for the judicial district in which the plaintiff resides.

42 U.S.C. § 405(g). The court may enter "upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." *Id.* The Ninth Circuit reviews the Commissioner's decision de novo. *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1193 (9th Cir. 2004).

The Commissioner's factual findings are conclusive if substantial evidence supports them. 42 U.S.C. § 405(g); *see also Ukolov v. Barnhart*, 420 F.3d 1002, 1004 (9th Cir. 2005). The court may set aside these findings, however, if they are based on legal error or unsupported by substantial evidence. *Stout v. Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050, 1052 (9th Cir. 2006); *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002). The Ninth Circuit defines substantial evidence as "more than a mere scintilla but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995); *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005). In determining whether the Commissioner's findings are supported by substantial evidence, the court "must review the administrative record as a whole, weighing both the evidence that supports and the evidence that detracts from the Commissioner's conclusion." *Reddick v. Chater*, 157 F.3d 715, 720 (9th Cir. 1998).

The court must uphold findings which are supported by inferences reasonably drawn from the record. *Batson*, 359 F.3d at 1193. When the evidence supports more than one rational interpretation, the court must defer to the Commissioner's interpretation. *Id.* Thus, the issue before the court is not whether the Commissioner could reasonably have reached a different

conclusion, but whether substantial evidence supports the final decision. The ALJ must also make specific findings so the court need not speculate about their basis when reviewing the Commissioner's decision for substantial evidence. *Lewin v. Schweiker*, 654 F.2d 631, 634 (9th Cir. 1981). Cursory findings that do not explain which evidence the ALJ accepted or rejected are insufficient. *Id.* The ALJ's findings "should be as comprehensive and analytical as feasible and, where appropriate, should include a statement of subordinate factual foundations on which the ultimate factual conclusions are based." *Id.*

**a. Disability Evaluation Process**

A claimant seeking disability benefits bears the initial burden of proving disability. *Reddick*, 157 F.3d at 721. To meet this burden, she must demonstrate the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected … to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). She must also provide "specific medical evidence" to support her claim. 20 C.F.R. § 404.1514. If she establishes an inability to perform her prior work, the burden shifts to the Commissioner to show that the person can perform other substantial gainful work that exists in the national economy. *Reddick*, 157 F.3d at 721.

To determine whether a claimant is disabled, the ALJ follows a five-step sequential evaluation process. 20 C.F.R. § 404.1520; *Stout*, 454 F.3d at 1052. If the ALJ determines disability or non-disability at any step, the analysis ends there. 20 C.F.R. § 404.1520(a)(4).

At step one, the ALJ determines whether the claimant is engaged in substantial gainful activity ("SGA"). *Id.* at § 404.1520(a)(4)(i). If so, the ALJ will make a finding of non-disability. *Id.* If the claimant is not engaged in SGA, the analysis proceeds to step two.

At step two, the ALJ determines whether the claimant has a medically determinable impairment that is severe or a combination of impairments that significantly limits her from performing basic activities. *Id.* at § 404.1520(a)(4)(ii). If not, the ALJ makes a finding of non-disability. *Id.* If the claimant has a severe medically determinable impairment or combination of impairments, the analysis proceeds to step three.

At step three, the ALJ determines whether the claimant's impairment or combination of impairments meets or medically equals a listed impairment in 20 C.F.R. Part 404, Subpart P, App. 1. *Id.* at § 404.1520(a)(4)(iii). If so, and if the duration requirement is also met, the ALJ makes a finding of disability. *Id.* at § 404.1520(d). If the claimant's impairment or combination of impairments does not meet or equal the criteria of a listing or meet the duration requirement, the analysis proceeds to step four.

Before step four, the ALJ must determine the claimant's residual functional capacity ("RFC")—a function-by-function assessment of her ability to perform physical and mental work activities on a sustained basis despite her impairments. *See* 20 C.F.R. § 404.1560; *see also* SSR 96-8p. The ALJ must consider all relevant evidence, including the extent to which the claimant's symptoms are "consistent with the objective medical evidence and other evidence." 20 C.F.R. § 404.1545. To the extent that statements about the intensity, persistence, or limiting effects of symptoms lack objective medical support, the ALJ must assess the claimant's credibility based on the entire record.

At step four, the ALJ determines whether the claimant's RFC allows her to perform past relevant work ("PRW"). 20 C.F.R. § 404.1520(a)(4)(iv). PRW refers to the work the claimant has performed within the past five years. *Id.* at § 404.1560(b)(1)(i). The work must have lasted long enough for the claimant to learn the job and qualify as SGA. *Id.* If the claimant can perform her past work, the ALJ makes a finding of non-disability. *Id.* at § 404.1520(a)(4)(iv). If she cannot, or if she has no PRW, the analysis proceeds to step five.

At step five, the ALJ determines whether the claimant can perform any other work given her RFC, age, education, and work experience. *Id.* at § 404.1520(a)(5)(v). If so, the ALJ makes a finding of non-disability. *Id.* Although the claimant bears the ultimate burden of proving disability, a limited burden shifts to the Commissioner at this step to show that the claimant could perform other SGA that exists in the national economy. *Reddick*, 157 F.3d at 721; *see also* 20 C.F.R. § 404.1520(f).

/ / /

/ / /

**b. The ALJ Decision**

Here, the ALJ followed the five-step sequential evaluation process. At step one, the ALJ found that Plaintiff had not engaged in SGA since her alleged onset date of May 1, 2020. AR 26. At step two, the ALJ found the following severe impairments: spinal disorder, fibromyalgia, and other arthropathies. *Id.* At step three, the ALJ found that Plaintiff's impairments did not meet or medically equal a listed impairment in 20 C.F.R. Part 404, Subpart P, App. 1. AR 28. Before step four, the ALJ found that Plaintiff retained the RFC to perform light work as defined in 20 C.F.R. § 404.1567(b) with the following restrictions:

> occasionally climbing ladders, ropes, or scaffolds; frequently climbing ramps or stairs, stooping, kneeling, and crawling; unlimited crouching; avoiding temperature extremes, humidity, and hazards such as unprotected heights and dangerous moving machinery like chainsaws and jackhammers.

AR 28, 31.

At step four, the ALJ found that Plaintiff could perform her PRW as a manager of an apartment house as well as other jobs that existed in significant numbers in the national economy. AR 32. At step five, the ALJ made alternative findings of other work that Plaintiff could perform, such as an office helper (DOT 239.567-010), fast food worker (DOT 311.472-010), and cashier (DOT 211.462-010). AR 33. The ALJ concluded that Plaintiff was not disabled as defined in the Social Security Act. AR 34.

## III. ANALYSIS

Plaintiff seeks to reverse the Commissioner's decision and remand for further administrative proceedings, primarily due to the ALJ's evaluation of her subjective testimony and the medical opinion of Annie Mathew, DNP, APRN. ECF No. 12 at 12, 15. Plaintiff argues that the ALJ rejected her subjective testimony without giving clear and convincing reasons. ECF No. 12 at 12. Plaintiff further argues that the ALJ rejected Mathew's opinion without citing substantial evidence to support that rejection. *Id.* The Commissioner responds that the ALJ gave clear reasons, supported by substantial evidence, in both instances. ECF No. 14 at 2, 4.

/ / /

/ / /

**a. The ALJ's Evaluation of Plaintiff's Testimony Was Supported by Substantial Evidence**

Plaintiff argues that the ALJ failed to properly consider her subjective testimony. ECF No. 12 at 12. This Court disagrees.

Plaintiff asserts that the ALJ should have asked her to explain her testimony that she was "too afraid" to have back surgery. *Id.* at 10; AR 50. Plaintiff states that her noncompliance with this recommended treatment was reasonable, as she wanted to pursue conservative treatment and was apprehensive about steroid injections. ECF No. 12 at 9-10. She believes that her subjective testimony is supported by Mathew's medical opinion, and that the ALJ's failure to investigate her apprehension requires reversal and remand. *Id.* at 12.

When deciding whether to admit an individual's subjective symptom testimony, the ALJ must engage in a two-step analysis. *Batson*, 359 F.3d at 1196. At step one, the claimant must produce objective medical evidence of an underlying impairment, or combination of impairments, that could reasonably be expected to produce the pain or other symptoms alleged. *Id.* If the claimant satisfies this first step, and there is no evidence of malingering, the ALJ may reject her testimony about the severity of her symptoms by making specific findings and offering clear and convincing reasons. *Id.*

Here, the ALJ found that there was objective medical evidence supporting impairments which could reasonably be expected to cause Plaintiff's alleged symptoms. AR 29. The ALJ further found, however, that Plaintiff's statements about the intensity, persistence, and limiting effects of her symptoms were inconsistent with other evidence in the record. *Id.* To begin, the ALJ noted that Plaintiff experienced chronic low back pain even prior to her alleged onset date. AR 30, 343. Additionally, though Plaintiff was approved for a steroid injection on May 20, 2020, she cancelled the injection multiple times. AR 30, 403, 448.

The ALJ also considered that a medical record on December 3, 2020, noted Plaintiff had done "very well" with her past physical therapy. AR 30, 419. On March 24, 2021, Plaintiff reported 70% pain relief from her medication. AR 30, 407. Plaintiff continued to treat with a pain management provider and, though recommended for an injection and additional physical therapy,

she chose to postpone those treatments. AR 30, 403. The ALJ specifically compared Plaintiff's subjective testimony with her medical treatment and records. AR 31. For example, the ALJ discussed Plaintiff's testimony about having to take breaks during household chores and her problems with walking/sitting. *Id.* This testimony was contrasted, however, by medical records which indicated that Plaintiff had normal strength and a normal gait. AR 31.

The ALJ did not entirely discount Plaintiff's testimony, either. Instead, the ALJ accepted Plaintiff's statements about her ability to work only to the extent they matched the objective evidence within the record. *Id.* Though Plaintiff argues the ALJ acted improperly by not asking additional questions regarding Plaintiff's hesitation toward steroid injections, this line of questioning is unnecessary to support the ALJ's findings. ECF No. 12 at 10; *Batson*, 359 F.3d at 1195 (stating that the court must uphold findings which are supported by inferences reasonably drawn from the record). The ALJ properly followed the two-step analysis for considering an individual's subjective testimony and supported those findings with substantial evidence.

Plaintiff further argues that the evidence could support more than one rational interpretation. ECF No. 12 at 10 (stating that her subjective testimony was consistent with certain medical evidence in the record). In such instances, however, this Court must defer to the Commissioner's interpretation. *Batson*, 359 F.3d at 1193. Here, the ALJ reached a rational interpretation of Plaintiff's subjective testimony which was supported by substantial evidence, and thus her findings are conclusive. 42 U.S.C. § 405(g); *Ukolov*, 420 F.3d at 1004.

**b. The ALJ Properly Assessed the Medical Opinions Within the Record**

Plaintiff further argues that the ALJ failed to cite substantial evidence in rejecting the medical opinion of Mathew, who, as explained above, was one of Plaintiff's treating physicians. ECF No. 12 at 15. Again, this Court disagrees.

Plaintiff asserts that the ALJ improperly rejected Mathew's opinion that Plaintiff should avoid prolonged standing, sitting, or twisting back. ECF No. 12 at 13. The ALJ rejected this opinion because the treatment Plaintiff received from Mathew primarily related to conditions apart from her lower back pain. AR 32, 382-402, 492-522 (reflecting primary care visits for a runny or stuffy nose, nausea, high cholesterol, infection, heartburn, and so on). Furthermore, the

ALJ determined that Mathew's opinion was inconsistent with other evidence and did not clearly convey the extent of Plaintiff's physical limitations. AR 32. Based on these evaluations and review of other available medical opinions and prior administrative medical findings, the ALJ found Mathew's opinion unpersuasive. *Id.*

The ALJ considered Mathew's opinion alongside the findings of Dr. Phillip Matar and Dr. Padmavathy Alli, the state agency medical consultants. AR 31. The ALJ found their conclusions to be persuasive due to their consistency with other evidence, such as a lumbar MRI, Plaintiff's lower back complaints, and Plaintiff's normal gait. *Id.* Even then, the ALJ noted that some portions of these findings were vague, and the ALJ adjusted her evaluation of Plaintiff's functional capacity accordingly. *Id.* Additionally, an ALJ need not give controlling weight to the opinion of a treating physician. *Batson*, 359 F.3d at 1195. The ALJ found that Plaintiff could perform light work with reasonable limitations, forming a conclusion which was properly supported by substantial evidence.

## IV. CONCLUSION

**IT IS THEREFORE ORDERED** that Plaintiff's request for reversal and remand (ECF No. 12) is **DENIED**.

**IT IS FURTHER ORDERED** that the Clerk of Court is kindly directed to enter judgment in favor of the Commissioner consistent with this Order and close this case.

DATED: August 13, 2026

BRENDA WEKSLER
UNITED STATES MAGISTRATE JUDGE